UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN MEEKS,

    Plaintiff,

v.                                          Case No. 8:15-cv-1460-T-24 AEP

CHRIS NOCCO, in his official capacity
as Pasco County Sheriff,

    Defendant.

_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 33) as to the issue of liquidated damages. Defendant opposes the motion (Doc. No. 39), and both parties filed reply briefs (Doc. Nos. 41, 42). As explained below, Plaintiff's motion is granted.

**I. Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate

specific facts showing there is a genuine issue for trial. See id. (citation omitted).

## II.  Background

Plaintiff Shawn Meeks was a certified law enforcement officer employed by the Pasco County Sheriff's Office as a Road Patrol Deputy from July 11, 2011 until he resigned on March 1, 2015.  While employed by the Sheriff's Office, Plaintiff was assigned a marked agency patrol vehicle for his use as a Road Patrol Deputy.  However, because Plaintiff lived more than 15 miles outside of the Pasco County line, the Sheriff's Office's operating policies did not allow him to drive his patrol vehicle home from work.  As a result, Plaintiff was expected to park his patrol vehicle at one of a number of secure locations within Pasco County.  This parking policy was designed to help keep the patrol vehicle safe and secure while unoccupied.

Defendant refused to compensate Plaintiff for his 15- to 20-minute travel time in his assigned patrol vehicle between the secure parking location and his patrol zone.  On June 22, 2015, Plaintiff filed this lawsuit under the Fair Labor Standards Act ("FLSA") against Defendant Chris Nocco, in his official capacity as Pasco County Sheriff.  Specifically, Plaintiff contends that Defendant violated the FLSA's overtime provision by failing to pay him for the time he spent driving his patrol vehicle between Defendant's secure parking location and his patrol zone.

The parties filed cross-motions for summary judgment on the issue of the compensability of Plaintiff's drive time between the secure parking lot and his patrol zone.  This Court ruled that based on the relevant code provisions, regulations, and case law, Plaintiff's drive time between the secure parking lot and his patrol zone was compensable. (Doc. No. 40).  Specifically, this Court concluded that pursuant to Burton v. Hillsborough County, Florida, 181 F. App'x 829, 833 (11th Cir. 2006), Plaintiff's travel time between the secure parking lot and his patrol zone was

compensable, because the acts of retrieving and returning his patrol vehicle to and from the secure parking lot were part of his principal activities.

In Burton, the plaintiffs were county engineers who drove county-owned vehicles to public works job sites to inspect subcontractors' work. See id. at 831. The plaintiffs sued the county for unpaid overtime compensation for the time they spent driving the county-owned vehicles between the county's secured parking sites and their job sites. See id. Like Plaintiff in the instant case, the Burton plaintiffs were required to drive to a secure county parking site to retrieve their county-owned vehicles in the morning and then to return the county-owned vehicles to the secure county parking site in the evening. See id. The county-owned vehicles contained the tools and equipment that the plaintiffs used to perform their jobs, and the vehicles served as their satellite offices, where they could perform work at the job sites. See id.

The Burton court addressed whether the plaintiffs' travel time between the secure parking sites and job sites was compensable. See id. at 834. The court found the plaintiffs' travel time between the secure parking sites and job sites was compensable, stating:

> [T]he employees' workday could not begin until they arrived at the parking site and retrieved the county vehicles—making the act of retrieving the vehicle a "principal activity" and, therefore, the parking site itself "a place of actual performance." . . . Ultimately, the employees who used the county vehicles had no choice but to begin and end their work day not at a work site, but at a county parking facility. And without the county vehicles the employees could not perform the principal activities for which they were employed—driving throughout Hillsborough County and inspecting public works construction sites. Needless to say, getting a county vehicle from the parking site and driving it to the first work site and returning it to the parking site was integral and indispensable to the plaintiffs' principal activities.

Id. at 836–37.

>This Court stated that based on Burton:
>
>>[In the instant case,] Plaintiff's travel time between the secure parking lot and his patrol zone is compensable, because the acts of retrieving and returning his patrol vehicle to and from the secure parking lot are part of his principal activities. Like the plaintiffs' vehicles in Burton, Plaintiff's patrol vehicle was his satellite office where he performed his job as a Road Patrol Deputy. Arguably, Plaintiff's patrol vehicle was the most important tool he used in his job; it aided in establishing his authority as a Road Patrol Deputy. As such, retrieving and returning his patrol vehicle from and to the secure parking site was one of Plaintiff's principal activities. Therefore, the drive time between his principal activities of retrieving/returning his patrol vehicle and patrolling within his patrol zone is compensable under the continuous workday rule.

(Doc. No. 40, p. 7–8)(footnote omitted).

As a result, the Court granted Plaintiff's motion for summary judgment and denied Defendant's motion for summary judgment on the issue of the compensability of Plaintiff's drive time in his patrol vehicle between Defendant's secure parking location and his patrol zone. Having determined that an FLSA violation occurred, the Court stated that this case will proceed to trial on the issue of damages.

In Plaintiff's motion for summary judgment, he also moved for liquidated damages. The Court deferred ruling on this part of his motion and directed the parties to provide supplemental briefing on this issue. The parties filed reply briefs, and the liquidated damages issue is now ripe for consideration.

## III.  Liquidated Damages

Plaintiff seeks summary judgment on the issue of liquidated damages. Under the FLSA, an employer who violates the overtime provisions is liable to the employee in the amount of his or her unpaid overtime compensation and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b). However, there is a good faith defense to the award of liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260. Furthermore, the Eleventh Circuit has stated:

> The determination of whether an employer acted in good faith and had reasonable grounds for believing its act or omission was not a violation of the FLSA has both a subjective and objective component. Subjective good faith means the employer has an honest intention to ascertain what the FLSA requires and to act in accordance with it. Objective good faith means the employer had reasonable grounds for believing its conduct comported with the FLSA. [G]ood faith requires some duty to investigate potential liability under FLSA.

Friedman v. S. Fla. Psychiatric Assocs., Inc., 139 F. App'x 183, 185–86 (11th Cir. 2005)(quotation marks and internal citations omitted).

"[L]iquidated damages are mandatory absent a showing of good faith." Spires v. Ben Hill County, 980 F.2d 683, 689 (11th Cir. 1993)(citations omitted). "The question of whether the good faith defense applies is an issue of mixed law and fact for the Court, not the factfinder, to determine." Silas v. Hillsborough County, 2006 WL 3133026, at *6 (M.D. Fla. Oct. 30, 2006)(citations omitted); *see also* Notes to Pattern Jury Instruction 1.7.1, Eleventh Circuit Pattern Jury Instructions (Civil), 2005 ed.

Plaintiff argues that he is entitled to summary judgment on the issue of liquidated damages, and he cites to a prior Department of Labor ("DOL") investigation of Defendant on this exact issue from 2011 through 2013. (Doc. No. 33-4, p. 3; Doc. No. 33-8). Defendant contends that this evidence, which consists mainly of letters between Defendant's attorney and the DOL, is inadmissible hearsay. The Court rejects Defendant's evidentiary objection, because:

(1) the letters to the DOL by Defendant's attorney on Defendant's behalf are exempt from the rule against hearsay under Federal Rule of Evidence 801(d)(2);[1] and (2) the October 28, 2013 letter from the DOL is not hearsay, because it is not being offered for the truth of the matter asserted, but instead, it is being offered for its effect on Defendant (i.e., to show that Defendant had notice that the DOL questioned the practice at issue in this case, but Defendant did not change its behavior in response).[2]

This evidence shows that Defendant was aware that the DOL questioned the practice at issue in this case. In its November 15, 2013 letter in response, Defendant specifically acknowledged the existence of Burton and attempted to distinguish it. However, as this Court stated in its prior order, this Court finds that Burton is factually and legally on point, and as such, Burton controls this case. Thus, this is clear evidence that Defendant did not act in good faith, because it did not have reasonable grounds for believing its pay policy was not a violation of the FLSA.

Even in the absence of the DOL investigation, case law exactly on point existed (Burton), which clearly established that Defendant's pay policy on this issue violated the FLSA. Good faith requires some duty to investigate potential liability under the FLSA, and Defendant has not submitted evidence for this Court to consider showing that it adequately investigated the

---

[1] Federal Rule of Evidence 801(d)(2) provides that a statement is not hearsay if it is offered against an opposing party and (1) "was made by a person whom the party authorized to make a statement on the subject;" or (2) "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(C)&(D).

[2] See Solano v. Ali Baba Mediterranean Grill, Inc., 2016 WL 808815, at *4 (N.D. Tex. Mar. 2, 2016)(stating that the DOL report was not hearsay, because it was being used to show the effect that it had on the defendant).

lawfulness of its conduct.  The only evidence before the Court is a footnote in its reply brief that states that in coming to its conclusion regarding its pay policy, "Defendant's in-house legal counsel relied on Section 287.17(3)(a), *Florida Statutes*; Rule 60B-1.004, *Florida Administrative Code*; Advisory Legal Opinions issued by the Florida Attorney General's Office concerning take-home vehicle policies, and the [FLSA]."  (Doc. No. 42, p. 2 n.1).  Defendant does not identify any of the "Advisory Legal Opinions issued by the Florida Attorney General's Office concerning take-home vehicle policies," and the Florida Statute and Florida Administrative Code Rule cited do not bear on this issue.  Thus, there is no real evidence before the Court to show Defendant's good faith beyond its bare belief that Burton did not apply and that the pay policy at issue did not violate the FLSA.

Defendant argues in its reply brief that Burton does not control this issue, because Plaintiff, unlike the Burton plaintiffs, could have driven his vehicle home (rather than leaving it at a secure parking location) had he lived closer to (or within) Pasco County.  Thus, according to Defendant, this distinguishes the instant case from Burton.  However, it is undisputed that Plaintiff was not allowed to drive his patrol car home, and therefore, the fact that others could do so has no bearing on the compensability of Plaintiff's drive in his patrol car.

Additionally, Defendant argues that Plaintiff had the option of choosing at which secure parking location to park his patrol car, and therefore, he could have reduced his drive time between his patrol zone and the secure parking location by parking at a secure location closer to his patrol zone.  In support of this contention, Defendant cites to its Agency Vehicle Policy (of which there are three versions—2009, 2013, and 2014) at Docket Number 32-1 (which consists of 174 pages), and the Court assumes that Defendant is specifically citing to the 2013 or 2014

version, which provides the following:

> A member with an assigned agency vehicle who resides out-of-county . . . must park their assigned vehicle at a secure location within the geographic boundaries of Pasco County . . .. The secure location is subject to approval by the division commander to include fire stations, law enforcement facilities, or residences occupied by other sworn law enforcement officers, which includes county park property on which a deputy resides.

(Doc. No. 32-1, p. 117, 129). However, this provision shows that Defendant controls the selection of the secure parking location for each Road Patrol Deputy, and therefore, Defendant had the power to direct Plaintiff to park at a secure location closest to his patrol zone and reduce Plaintiff's compensable drive time.

Finally, Defendant relies on a non-binding opinion from the Ninth Circuit that was issued on September 4, 2015 to support its pay policy. See Balestrieri v. Menlo Park Fire Protection Dist., 800 F.3d 1094 (9th Cir. 2015). The Court is not persuaded by this non-binding case, and furthermore, the relevant period in this case begins in June of 2012—more than three years prior to the Balestrieri decision. As such, this decision cannot support Defendant's pre-September 2015 actions.

**IV. Conclusion**

Accordingly, the Court concludes that Defendant has failed to show that it acted in good faith, and as such, an award of liquidated damages is required. Therefore, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment (Doc. No. 33) is **GRANTED** as to the liquidated damages issue. The amount of liquidated damages to be awarded will be determined at trial.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of September, 2016.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record