UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN MEEKS,

    Plaintiff,

v.                                                   Case No.  8:15-cv-1460-T-24 AEP

CHRIS NOCCO, in his official capacity
as Pasco County Sheriff,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Attorneys' Fees.  (Doc. No. 55).  Defendant opposes the motion.  (Doc. No. 62).  As explained below, Plaintiff's motion is granted in part.

**I.  Background**

Plaintiff Shawn Meeks was a certified law enforcement officer employed by the Pasco County Sheriff's Office as a Road Patrol Deputy from July 11, 2011 until he resigned on March 1, 2015.  On June 22, 2015, he filed this Fair Labor Standards Act ("FLSA") lawsuit against Defendant for failing to pay him for his drive time in his patrol vehicle between his designated secure parking lot and his patrol area.  After the close of discovery, Plaintiff filed a motion for summary judgment on the issue of whether his drive time between his designated secure parking lot and his patrol area was compensable under the FLSA.  The Court granted Plaintiff's motion and set the issue of damages for trial.  Prior to the pretrial conference, the parties stipulated to the amount of damages to be awarded to Plaintiff—$3,507.14 in overtime damages, plus $3,507.14 in liquidated damages, for a total of $7,014.28 in damages.  After the Court entered

judgment for Plaintiff, he filed the instant motion for attorneys' fees.

## II.  Motion for Attorneys' Fees

Plaintiff seeks an attorneys' fee award of $69,192.50 for the time his two attorneys spent on this case.  The parties agree that $325 per hour is a reasonable hourly billing rate in this case. Plaintiff contends that the 212.9 hours that his attorneys spent litigating this case is reasonable, but Defendant makes several arguments against finding that all of these hours were reasonably expended.  Therefore, the Court must determine if the amount of attorneys' fees requested is reasonable.

### A.  Lodestar

The starting point in determining reasonable attorneys' fees is the lodestar, which is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)(citation omitted).  Furthermore, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  Id. at 1303 (citation omitted).

As previously stated, the parties have agreed that $325 is a reasonable hourly rate in this case.  In calculating what hours were reasonably expended on the litigation, a court should exclude excessive, unnecessary, and redundant hours, and it should also exclude any time spent litigating discrete and unsuccessful claims.  See id. at 1301, 1302 (citation omitted).  Defendant points to six areas of billing in which he contends that the number of hours billed should be reduced.  Accordingly, the Court will address each objection.

**1.  Plaintiff's Response to Defendant's Motion for Protective Order**

Defendant argues that Plaintiff's time spent responding to Defendant's successful motion for a protective order should be excluded, since Plaintiff's efforts to defeat the motion were unsuccessful.  Defendant argues that because Plaintiff chose to pursue depositions that caused Defendant to seek and be granted a protective order, such time should not be compensable.  As such, Defendant points to specific billing entries and asks the Court to exclude 18.2 hours relating to this issue.  Upon consideration, the Court agrees that this time is not compensable and will reduce the total amount of hours sought to be compensated by 18.2 hours.

**2.  Dismissal of Count II**

Plaintiff initially sought to pursue his case as a collective action, but he later decided to dismiss the collective action allegations (Count II).  As such, Defendant argues that the time Plaintiff spent in seeking dismissal of the collective action—0.4 hours—should be eliminated.  The Court agrees and will reduce the total amount of hours sought to be compensated by 0.4 hours.

**3.  Unrelated Matters**

Next, Defendant argues that billing entries that refer to a workers' compensation matter and those that refer to media attention/coverage should be excluded.  With regards to the 0.6 hours spent on the issue of media attention/coverage, the Court agrees that this time should be excluded.  As such, the Court will reduce the total amount of hours sought to be compensated by 0.6 hours.

With regards to the workers' compensation matter, while it appears to be a separate claim in a separate forum, it also appears that the workers' compensation matter required Plaintiff's

counsel to review the workers' compensation settlement and release to ensure that Plaintiff's FLSA claim was carved out.  Plaintiff's counsel spent 1.6 hours on that task.  The Court concludes that this time should be compensable, because it ensured that Plaintiff's FLSA claim in this case was not eliminated by the settlement and release language in another case.

The Court will, however, exclude the time spent looking into claim compatibility between the FLSA claim and the workers' compensation claim.  Plaintiff spent 0.2 hours on this task on May 25, 2015 and again on June 9, 2015.  Thus, the Court will reduce the total amount of hours sought to be compensated by 0.4 hours.

Defendant also objects to the 1.3 hours spent communicating with or about the Department of Labor.  The Court will not reduce this time, because it is not clear that such time was not spent in relation to Plaintiff's FLSA claim.

### 4.  Amending the Complaint

Next, Defendant argues that the 1.1 hours that Plaintiff spent preparing and drafting the amended complaint should be eliminated.  The Court disagrees and finds that such time is reasonable and compensable.

### 5.  Pretrial Matters

Next, Defendant argues that Plaintiff should not be compensated for the 0.2 hours he spent working on the pretrial statement in this case on September 29, 2016, because the parties later stipulated to the amount of damages, which made the pretrial statement unnecessary.  The Court finds that this time is compensable, because the work was done before the pretrial statement became unnecessary.

### 6. Attorneys' Fees Motion

Next, Defendant argues that the 20.6 hours that Plaintiff spent preparing the instant attorneys' fees motion was excessive, especially considering the fact that the parties stipulated to the amount of the reasonable hourly rate. Instead, Defendant argues that this task should be reduced to a total of five hours. While the Court agrees that the amount of time should be reduced, the Court finds that a 10 hour reduction is reasonable. As such, the Court will reduce the total amount of hours sought to be compensated by 10 hours.

### 7. Lodestar Amount

As explained above, the Court finds that Plaintiff's 212.9 hours spent on this case should be reduced by 29.6 hours, to a total of 183.3 compensable hours. After applying the $325 reasonable hourly rate, the lodestar amount is $59,572.50.

### B. Adjustments to the Lodestar[1]

While the Court has calculated the lodestar amount, that does not end the Court's inquiry. As explained by one court:

> The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the results obtained. There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment. The most important factor to consider is the result obtained. If the success was limited or the plaintiff's victory was limited, the lodestar must be reduced to reflect the limited result. Fee awards, however,

---

[1]The Court has considered the 12 Johnson factors; however, the only factor the Court addresses herein is the amount involved and results obtained. See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974).

> should not simply be proportionate to the results obtained by the Plaintiff. . . . [G]iven the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case. It is against this background that the Plaintiff's attorneys fees request must be evaluated.

James v. Wash Depot Holdings, Inc., 489 F. Supp.2d 1341, 1347 (S.D. Fla. 2007)(internal citations and quotation marks omitted).

Defendant argues that Plaintiff's success in this case was limited, because he initially sought overtime damages of $8,062.60, plus liquidated damages of $8,062.60, for a total of $16,125.20 in damages. However, Plaintiff only recovered $3,507.14 in overtime damages, plus $3,507.14 in liquidated damages, for a total of $7,014.28 in damages. Thus, Plaintiff only recovered 43.5% of the amount he initially sought, and therefore, Defendant argues the lodestar amount should be reduced by 50% to reflect Plaintiff's limited success. The Court disagrees.

In this case, Plaintiff sued over the compensability of his drive time between his designated secure parking lot and his patrol area while in his patrol vehicle. The Eleventh Circuit had previously spoken on this issue in a very similar case and found the drive time to be compensable. Therefore, while Plaintiff's monetary success was less than he originally estimated, he was successful on his theory that his drive time was compensable. As such, the Court concludes that a reduction to the lodestar amount is not warranted.

### III.  Costs

The parties have stipulated to an award of $1,761.12 in costs to Plaintiff. (Doc. No. 56). As such, the Court will include this amount in Plaintiff's award.

### IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Attorneys'

Fees (Doc. No. 55) is **GRANTED** to the extent that Plaintiff is awarded  $$59,572.50 in attorneys' fees.  Additionally, Plaintiff is awarded $1,761.12 in costs.

    **DONE AND ORDERED** at Tampa, Florida, this 18th day of January, 2017.

Copies to: Counsel of Record

SUSAN C. BUCKLEW  
United States District Judge