[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16932
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-01460-SCB-AEP

SHAWN MEEKS, on behalf of himself and all others similarly situated,

                Plaintiff-Appellee,

versus

PASCO COUNTY SHERIFF,

                Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 15, 2017)

Before TJOFLAT, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

  Shawn Meeks, a former Pasco County Sheriff's deputy, sued the Sheriff under the Fair Labor Standards Act (FLSA), alleging that the Sheriff violated the

FLSA by failing to pay him for time he spent transporting his patrol car to and from a secured parking location. The district court granted summary judgment to Meeks and awarded him liquidated damages. This is the Sheriff's appeal.

The Sheriff argues that (1) Meeks is not entitled to summary judgment because Meeks's transporting his patrol car was not compensable activity under the FLSA and (2) Meeks is not entitled to liquidated damages because the Sheriff has a viable good-faith defense to liquidated damages. We are unconvinced. We affirm the district court.[1]

I

Meeks was employed by the Sheriff as a Road Patrol Deputy from July 11, 2011 to March 1, 2015. During his tenure with the Sheriff, Meeks was assigned a patrol car for use in carrying out his patrol duties. Because Meeks lived more than fifteen miles outside of Pasco County, the Sheriff did not allow him to store his patrol car at home when he was not working. Instead, he was required to store the car at a secure location within Pasco County.

Pursuant to the Sheriff's secure-location policy, Meeks stored his patrol car at one of the Sheriff's Patrol Division Offices. Each morning, Meeks drove his personal car to the Patrol Division Office, parked, and retrieved his patrol car. He

---

[1] In addition to appealing the grant of summary judgment and award of liquidated damages to Meeks, the Sheriff appeals the denial of its motion for summary judgment. Consistent with our finding that the district court did not err in granting summary judgment to Meeks, we find no error in the court's denial of the Sheriff's motion.

then transported the patrol car to his designated patrol zone.  During Meeks's drive to his zone, the Sheriff required him to activate his police radio and Automatic Vehicle Locator System and to respond as needed to emergencies.  At the conclusion of Meeks's shift, he transported his patrol car from his patrol zone to the Patrol Division Office, parked, and drove his personal car home.

Unless Meeks responded to an emergency while transporting his patrol car between the Patrol Division Office and his patrol zone, the Sheriff did not compensate him for that transportation time.

On June 22, 2015, Meeks filed a complaint in district court against the Sheriff, claiming that the Sheriff violated the FLSA's overtime provisions by not paying him for the time he spent transporting his patrol car between the Patrol Division Office and his patrol zone.  Meeks and the Sheriff both moved for summary judgment.  The district court granted Meeks's motion, denied the Sheriff's motion, and awarded Meeks liquidated damages.  The court concluded that Meeks's transporting his patrol car between the Patrol Division Office and his patrol zone was compensable activity because the transporting was "integral and indispensable" to performing his patrol duties.  The court also concluded that Meeks is entitled to liquidated damages under the FLSA.  The Sheriff argued that it acted in good faith in not paying Meeks and that Meeks is therefore not entitled to

liquidated damages. But the court rejected that argument, finding, among other things, that the Sheriff offered "no real evidence" of good faith.

II

Reviewing the district court's grant of summary judgment to Meeks de novo and taking the evidence in the light most favorable to the Sheriff, *see Quigg v. Thomas Cty. Sch. Dist.*, 814 F.3d 1227, 1235 (11th Cir. 2016), we find no error. Meeks's transporting his patrol car between the Patrol Division Office and his patrol zone was compensable activity.

The FLSA's overtime provisions require employers, including law enforcement agencies, to provide employees overtime compensation when they work more than a certain number of hours in a single work period. *See* 29 U.S.C. § 207(a), (k); 29 C.F.R. § 553.230. However, an employer is not required to compensate an employee for all of the employee's time that is associated with work. *See* 29 U.S.C. § 254(a).

The Portal-to-Portal Act, which amended the FLSA, identifies the employee activities that are not compensable under the FLSA. *Id.* An employer is not required to pay an employee for (1) "traveling to and from the actual place of performance of the principal activity or activities which [the] employee is employed to perform" or (2) "activities which are preliminary to or postliminary to [the employee's] principal activity or activities." *Id.* But an employee's principal

4

activity or activities are of course compensable. *See Integrity Staffing Sols., Inc., v. Busk*, 574 U.S. \_\_\_, \_\_\_, 135 S. Ct. 513, 517–18 (2014).

The phrase "principal activity or activities" includes "all activities which are an integral and indispensable part of" the duties "that an employee is employed to perform." *See id.* at 517 (internal quotation marks omitted). An activity is integral and indispensable to an employee's principal activities if the activity "is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform [the] activities." *Id.*

Meeks's transporting his patrol car between the Patrol Division Office and his patrol zone was a compensable activity because it was an "intrinsic element" of his principal activities—his patrol duties. *See id.* Meeks's patrol car was integral to his patrol duties; he relied on the car and its police radio to maintain contact with the Sheriff and to respond to calls assigned by the Sheriff. And as part of his duties as a Road Patrol Deputy who lived more than fifteen miles outside of Pasco County, Meeks had to store the car at a secure location in Pasco County. Meeks's patrol duties, then, required him to transport the car between a secure location such as the Patrol Division Office and his patrol zone. Absent that transporting, Meeks could not have patrolled his zone and fulfilled his duties as a Road Patrol Deputy. In other words, Meeks could not have "dispense[d]" with transporting his patrol car "if he [wa]s to perform" his duties. *See id.*

The relevant regulations further confirm that Meeks's transporting his patrol car was a compensable activity. The Department of Labor's regulations state: "Where an employee is required to report at a meeting place to . . . pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked . . . ." 29 C.F.R. § 785.38. Here, the Sheriff required Meeks to report to a "designated place" (a secured parking location) to "pick up" and transport an important "tool[]" (his patrol car) to his "work place" (his patrol zone). *See id.* Meeks's time spent transporting the car was therefore compensable. *See id.*

### III

We also find no error in the district court's determination that the Sheriff does not have a viable good-faith defense.

An employer who violates the FLSA's overtime provisions is liable to the employee for the employee's unpaid overtime compensation and for liquidated damages equal to that unpaid overtime compensation. 29 U.S.C. § 216(b). If, however, "the employer shows to the satisfaction of the court that the act or omission giving rise to [the violation] was in good faith and that [it] had reasonable grounds for believing that [the] act or omission was not a violation[,] . . . the court may, in its sound discretion, award no liquidated damages." 29 U.S.C. § 260; *see also Spires v. Ben Hill Cty.*, 980 F.2d 683, 689 (11th Cir. 1993) ("[L]iquidated

damages are mandatory absent a showing of good faith."). This good-faith defense to liquidated damages requires "an employer [to] show that it acted with both objective and subjective good faith." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008).

Despite "bear[ing] the burden of proving" good faith, the Sheriff has offered no evidence that supports a good-faith finding. *See Spires*, 980 F.2d at 689. Indeed, the evidence reveals that the Sheriff "knew or had reason to know that" its failure to compensate officers like Meeks for time spent transporting their patrol cars violated the FLSA. *See Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) ("An employer, who knew or had reason to know that the FLSA applied, c[an] not establish good faith as a defense."). During Meeks's employment, the Sheriff (1) was aware that the Department of Labor was investigating that compensation practice and (2) was familiar with a decision from this court that called into question the legality of the practice.

IV

We find no error in the district court's decision. Even taking the evidence in the light most favorable to the Sheriff, no genuine issue exists as to whether the Sheriff violated the FLSA. Further, the Sheriff does not have a viable good-faith defense to liquidated damages.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 15, 2017

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 16-16932-GG
Case Style: Shawn Meeks v. Pasco County Sheriff
District Court Docket No: 8:15-cv-01460-SCB-AEP

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, GG at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs